STATE OF NORTH CAROLINA v. JAMES GALLAGHER

No. 9011SC315

(Filed 18 December 1990)

**Criminal Law § 88.2 (NCI3d) — prior convictions — improper cross-examination — defendant prejudiced**

Cross-examination of defendant in a rape case with regard to prior crimes which went beyond the time and place of defendant's convictions and the punishment imposed was improper and unfairly prejudiced defendant where the testimony of the serologist was inconclusive; there was conflicting testimony about defendant's whereabouts around the time of the crime; there was no physical evidence linking defendant to the crime and no witness other than the victim who placed defendant at the scene of the crime; and those facts in addition to the fact that the victim's identification of defendant may have been suspect in that defendant was the only person pictured wearing a baseball cap made the case turn on the question of credibility.

**Am Jur 2d, Witnesses § 582.**

APPEAL by defendant from judgments entered 29 September 1989 in HARNETT County Superior Court by *Judge Orlando F. Hudson.* Heard in the Court of Appeals 24 October 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mary Jill Ledford, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

DUNCAN, Judge.

From judgments imposing a life sentence plus a consecutive term of two years following his conviction of first degree rape

and felonious breaking or entering, defendant appeals. For the reasons that follow, we find error.

I

The evidence for the State tended to show that in the afternoon of 3 July 1989, Patricia Allen was sleeping in the bedroom of her home. She was wakened by the presence of a man. When Ms. Allen screamed, the man slapped her and broke a drinking glass on a nearby table. When Ms. Allen tried to get up, the man slapped her again, held the broken glass up to her in a menacing fashion causing her to fear that he was going to kill her. The man then dropped the glass, got on top of her and forced her to have sex with him. He then left after saying, "Thank you." Ms. Allen testified that the intruder had bad teeth, smelled bad, and was wearing a baseball cap during the rape.

Ms. Allen testified that she picked defendant's picture out of a photographic lineup. She also identified the defendant in court as the man in the lineup and the perpetrator of the crimes.

Gary Dwight Lee testified that he saw the defendant sitting on the porch of a "migrant house" at about 12:45 p.m. on the day in question. He testified that the migrant house is about a mile from Ms. Allen's house.

Lily Sullivan testified that she and defendant worked together in Mr. Weaver's fields and that on the day in question she and defendant came back from the fields at about 2 or 3 p.m. She testified that the defendant left the migrant house about twenty minutes after they got back and that he did not return until 5:30 or 6:00 p.m. She left Mr. Weaver's employment the next day due to an argument with him.

Detective Bernice Oates testified that she took a statement from Ms. Allen, including her description of the perpetrator. According to Detective Oates, Ms. Allen's description of the perpetrator was that he had crooked teeth, wore a baseball cap and smelled bad. Detective Oates further testified that Ms. Allen picked defendant out of a photographic lineup. No physical evidence linked the defendant to the crimes.

Defendant presented evidence which tended to show James Weaver, defendant's boss, testified that defendant was in the field all day, from about 8:00 a.m. until 4:45 p.m. He testified that Lily

Sullivan was mistaken about defendant having left the field early that day; that he had checked on his workers, including defendant, every half hour or so all day long. Mr. Weaver denied telling Detective Oates that he did not see defendant that day.

Robert Hall, one of defendant's co-workers, also testified that defendant was in the field all day that day, until 4:00 or 5:00 p.m.

Defendant testified on his own behalf. He denied committing the crimes, insisting that he was in the field working all day long.

Brenda Bissette, a forensic serologist, testified that semen was found in the vagina of Ms. Allen, but no conclusions could be drawn as to the blood type of the perpetrator, nor could she conclude that defendant was or was not the perpetrator.

On rebuttal, Detective Oates was allowed to testify that Mr. Weaver had said that he had not seen defendant after lunch that day.

## II

Defendant admitted on direct examination that he pled not guilty to possession of marijuana, but that he understood that the case was dismissed; that he was convicted of trespass, of carrying a concealed weapon and burglary. He first assigns error to the trial judge overruling his objections to the State's questions of defendant regarding the facts and circumstances surrounding crimes with which defendant was charged and convicted. He contends that the prosecutor conducted cross-examination of him which was beyond the scope of proper cross-examination and which unfairly prejudiced him. We agree.

We note first that defendant assigned error to the trial judge allowing six questions/exchanges on cross-examination of the defendant. However, only four of them were objected to, thus the remaining two questions are waived as they were not properly preserved on appeal. N.C. R. App. P. 10(b)(1) (1990); *State v. Gardner*, 315 N.C. 444, 340 S.E.2d 701 (1986).

Defendant assigns error to the trial judge overruling his objections to the following questions:

Q. Now let's talk about criminal history. You have had a lot of experience with the criminal justice system haven't you, and you have learned all the ways you can . . . play the system to your advantage?

[objection overruled]

Q. Now, isn't it true that Sergeant McDonald, Miami Police Department, made this arrest at a bus stop?

A. Yes.

Q. And when Sergeant McDonald approached you, you ran from him?

A. Yes. Sergeant McDonald and Sergeant [inaudible]

Q. And you didn't tell those two officers, I'm sorry, I'm just using this knife for my work. I didn't understand the law. You ran from them, because that wasn't the knife you had for work.

[objection overruled]

Q. Until I brought it up you didn't bother to tell these 13 folks about the second concealed weapon you had on you, did you?

[objection overruled]

Q. Now, going to the marijuana case that you told the jury about that you said was dismissed, you said that was dismissed because the seller wasn't in court?

A. I'm going by what Judge Robert Klein—

Q. Isn't it true that the way the marijuana case arose, the officer observed you hanging out in a hotel doorway and you had marijuana and you threw it down

[objection overruled]

For the purposes of impeachment, a witness, including the defendant, may be cross-examined with respect to prior convictions. N.C. Gen. Stat. § 8C-1, Rule 609(a); *State v. Finch*, 293 N.C. 132, 235 S.E.2d 819 (1977). In *State v. Rathbone*, this court reiterated the rule that "inquiry into prior convictions which exceeds the limitations established in *Finch* is reversible error." 78 N.C. App. 58, 64, 336 S.E.2d 702, 705 (1985) (citations omitted), *disc. review denied*, 316 N.C. 200, 341 S.E.2d 582 (1986). In *Rathbone* this court held that defendant Rathbone had not met the test of prejudicial error contained in N.C. Gen. Stat. § 15A-1443(a) (1988). That is not the situation in the case at bar.

STATE v. GALLAGHER

[101 N.C. App. 208 (1990)]

Section 15A-1443(a) provides,

A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant. Prejudice also exists in any instance in which it is deemed to exist as a matter of law or error is deemed reversible per se.

In the case at bar, defendant points to the fact that the testimony of the serologist was inconclusive; there is conflicting testimony about defendant's whereabouts around the time of the crime; there is no physical evidence linking the defendant to the crime and no witness other than Ms. Allen who placed the defendant at the scene of the crime. Those facts in addition to the fact that Ms. Allen's identification of the defendant may be suspect in that the defendant was the only person pictured wearing a baseball cap, make this case turn on the question of credibility. As we have determined that the questions objected to were inquiries which went beyond the time and place of defendant's convictions and the punishment imposed, we also find that in this case, which turned on credibility, the defendant was prejudiced by the trial judge's overruling defendant's objections to those questions.

Having determined that the trial court committed prejudicial error in overruling defendant's objections to improper questions as to his prior convictions, we need not address defendant's other assignments of error.

III

For the foregoing reasons, the judgments of the trial judge are reversed and defendant is entitled to a

New trial.

Judges ORR and GREENE concur.